IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

vs.                                     NO. 4:07CV00520 BSM

FARON LEE TALLENT, ET AL.                                                             DEFENDANTS

**ORDER**

The United States of America, acting by and through the U.S. Department of Agriculture (USDA), Farm Service Agency (FSA), brings this action pursuant to 28 U.S.C. §1345 to foreclose upon certain real property that is situated in Prairie County, Arkansas.

*I. FACTUAL BACKGROUND*

According to the undisputed facts, defendants Faron Lee Tallent and Patricia Tallent then husband and wife, obtained loans from FSA evidenced by promissory notes dated January 1, 1994, March 24, 1994, and May 29, 1996. To secure payment of their promissory notes, the Tallents executed, acknowledged and delivered to FSA three real estate mortgages recorded in the records of the Northern District of Prairie County, Arkansas. After the loans were made, Faron Lee Tallent and Patricia A. Tallent divorced, and Patricia conveyed her interest in the property to Faron.

Faron Tallent is the only defendant to file an answer to the complaint. Prior to filing an answer, Faron Tallent filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction over the complaint, and the complaint did not state a foreclosure cause of action upon which the court could grant relief. The court denied Tallent's motion

to dismiss on January 8, 2008 (Doc. No. 22), finding that court had jurisdiction under 28 U.S.C. § 1345. Tallent then filed an answer on January 24, 2008 (Doc. No. 24). He does not deny that he received the FSA loans, and that the loans are in default.

## II. SUMMARY JUDGMENT STANDARD

The FSA has filed a motion for summary judgment, seeking *in rem* foreclosure of the mortgages which secure the FSA loans. Summary judgment is proper if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Skare v. Exendicare Health Svces., Inc.*, 515 F.3d 836, 840 (8th Cir. 2008). "In order to create an issue for trial the nonmoving party must produce sufficient evidence to support a verdict in [its] favor based on more than speculation, conjecture, or fantasy." *Doe v. Dep't of Veterans Affairs*, 519 F.3d 456, 460 (8th Cir. 2008) (internal quotation marks and citation omitted). Rule 56(c) of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Duluth, Winnipeg and Pacific Ry. Co v. City of Orr*, 529 F.3d 794, 798 (8th Cir. 2008) (internal quotations marks and citations omitted).

### *III. DISCUSSION*

In support of its motion for summary judgment, plaintiff has filed a statement of undisputed facts incorporating a number of exhibits. None of the defendants have responded to or disputed plaintiff's statement of undisputed facts.

As discussed above, Faron Lee Tallent and Patricia Tallent obtained loans from the FSA, evidenced by the three promissory notes. They executed three mortgages, recorded in the records of the Northern District of Prairie County, Arkansas, to secure the payment of their promissory notes   Faron Lee and Patricia divorced in 1998, and Patricia conveyed all her right, title and interest in the subject real property to Faron Lee Tallent.

Faron Lee Tallent filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Arkansas on February 25, 1999. The bankruptcy court granted him a discharge from personal liability on his debts, including the debt owed to FSA, on June 7, 1999.

A notice of acceleration of his account was sent to Faron Tallent on August 27, 2002. He had the right to pay the market value of the real estate in lieu of foreclosure, and was informed of that right by letters dated September 9, 2002 and January 30, 2003, as well as provided a copy of the most recent appraisal.

Faron Lee Tallent filed complaints with the USDA, Office of Civil Rights on September 9, 2002, January 12, 2003, and February 25, 2003, which were assigned complaint no. 1353030. Action to foreclose the FSA mortgages was withheld pending resolution of the

complaint.. On October 10, 2004, the Office of Civil Rights, USDA, issued a decision on complaint no. 1353030, concluding that the agency actions did not constitute discriminatory conduct. Tallent did not file a civil action in federal court regarding the denial of his civil rights complaint. On December 5, 2004, the FSA Prairie County office received a letter advising it that Tallent's civil rights complaint file was closed with a finding of no discrimination.

Plaintiff filed this action on May 24, 2007. There is now due and owing on the FSA loan accounts of Faron Lee Tallent, unpaid principle in the sum of $178,865.90, interest in the sum of $110,028.65 accrued to June 20, 2008, for a total of principle and interest in the amount of $288,894.55, with interest accruing after June 20, 2008 at the rate of $22.7522 per day.

## IV. CONCLUSION

The court finds that plaintiff is entitled to *in rem* judgment on the property described in the complaint. Plaintiff is directed to provide a proposed judgment to the court within 11 days of the date of this order.

Accordingly, the motion for summary judgment (doc. no. 30) is granted.

IT IS SO ORDERED this 21st day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE