**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

v.                   **CASE NO. 4:07CV00520 BSM**

**JEREMY L. TALLENT, HIS SPOUSE, IF ANY;
MISTY DAWN TALLENT BANKS, HER SPOUSE, IF ANY;
AND REGIONS BANK, NA.,**
Formerly Union Planters Bank, N.A., Formerly
Farmers & Merchants Bank of Des Arc, Arkansas           **DEFENDANTS**

**JUDGMENT**

Defendants Jeremy L. Tallent, his spouse, if any; Misty Dawn Tallent Banks, her spouse, if any; and Regions Bank, N.A. were properly served and have not filed answers. A clerk's default has been entered against them. [Doc. Nos. 56, 57].

It is therefore, ordered, decreed and adjudged:

1.      The court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.      The USDA FSA borrower, Faron Tallent, died on or about July 26, 2010. He was not married at the time of his demise. He is survived by two children, the defendants, Jeremy L. Tallent and Misty Dawn Tallent Banks.

3.      There is due and owing on the promissory notes of Faron L. Tallent to the United States of America, U.S. Department of Agriculture, Farm Service Agency, the total principal sum of $178,681.14, plus interest in the sum of $126,106.81, for a balance due of $304,787.95, accrued to April 4, 2011, and thereafter at the daily rate of $22.7269, and any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action. Plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment *in rem* against the interest of each of the defendants in the property

described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

    4.    The above-described indebtedness due and owing to plaintiff is secured by mortgages dated and recorded in the records of Prairie County, Arkansas as follows:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| January 10, 1994 | January 12, 1994 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of the Northern District of Prairie County, Arkansas in Book 63, at Page 600. |
| March 24, 1994 | March 24, 1994 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of the Northern District of Prairie County, Arkansas in Book 63, at page 775. |
| May 29, 1996 | May 29, 1996 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of the Northern District of Prairie County, Arkansas in Book 66, at Page 674. |

Plaintiff's mortgages constitute good and valid mortgage liens, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy, and homestead of the defendants herein, and each of them, in and to the following described property in Prairie County, Arkansas:

> THE WEST HALF OF THE NORTHEAST QUARTER (W½ NE¼) OF SECTION TWENTY-EIGHT (28), TOWNSHIP FOUR (4) NORTH, RANGE SEVEN (7) WEST, SAVE AND EXCEPT THE FOLLOWING DESCRIBED LANDS TO WIT:  COMMENCING AT THE NORTHWEST CORNER OF THE WEST HALF OF THE NORTHEAST QUARTER (W½, NE¼)OF SECTION TWENTY-EIGHT (28), TOWNSHIP FOUR (4) NORTH, RANGE SEVEN (7) WEST; THENCE EAST 210 FEET; THENCE SOUTH 420 FEET; THENCE WEST 210 FEET; THENCE NORTH 420 FEET TO A POINT OF BEGINNING, SITUATED IN THE NORTHERN DISTRICT OF PRAIRIE COUNTY, ARKANSAS.
>
> THE SOUTH TEN (10) ACRES OF THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER (NE¼ SE¼) OF SECTION TWENTY-NINE (29),

TOWNSHIP FOUR (4) NORTH, RANGE SEVEN (7) WEST.

AND

THE WEST HALF OF THE NORTHWEST QUARTER (W½ NW¼) OF SECTION (28), TOWNSHIP FOUR (4) NORTH, RANGE SEVEN (7) WEST.

AND

THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER (SE¼ NW¼) OF SECTION TWENTY-EIGHT (28), TOWNSHIP FOUR (4) NORTH, RANGE SEVEN (7) WEST OF THE NORTHERN DISTRICT OF PRAIRIE COUNTY, ARKANSAS.

together with all improvements and appurtenances thereon.

5.　Defendants Jeremy L. Tallent and Misty Dawn Tallent Banks, their spouses, if any, and Regions Bank, N.A, after having been properly served, have not answered the plaintiff's complaint and amended complaint and are in default. The interest of each of the defendants in and to the above-described property is subordinate to the interest of the plaintiff, and is hereby foreclosed.

6.　The indebtedness owed to the U.S. Department of Agriculture, Farm Service Agency, consists of promissory notes of Faron Lee Tallent dated 1/10/94, 3/24/94, and 5/29/96. Payment of the notes is secured by the mortgage described in paragraph three above.

7.　The above-described mortgages of the United States of America are hereby foreclosed. If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South Front door of the Prairie County Courthouse, Des Arc, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option:

furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

8. Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all defendants herein in and to said property, and every part thereof, shall from that date be foreclosed and forever barred.

9. The purchaser at said sale shall be given possession upon demand, and the clerk is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

10. The sales proceeds, after expenses of sale, shall be paid and distributed to the United States of America, USDA, Farm Service Agency, to the extent of the indebtedness

owed to it secured by its mortgages described above. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the court.

11.     The court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

Dated this 2nd day of February 2012.

_____
UNITED STATES DISTRICT JUDGE